Judge Underwood
delivered the opinion of the Court.
The sheriff returned to the clerk’s office of the Mason circuit court, a replevin bond for ‡150 33, bearingdate the 18thDecember,!824,pay-able in two years, with interest, to George Doniphan, purporting to have been executed by Joseph Logan, and Abner Logan. In addition to the usual attestation of the sheriff, he made upon the bond, the following endorsement, to wit: “I was not present when the security signed the bond, but he acknowledged it to me after.”
Abner Logan, the security, in due time, sued out a Writ of error, coram vorbis, with supersedeas, with a view to quash the bond. The error on wiiich he intended to rely, as stated in his petition, verified by his *252 own oath, was “in filling up the bond for a greater sum than he agreed to,” in consequence of which, the • bond was not his act and deed.
On plea of non est fac-tum, there should be an issue and jury.
There was no issue regularly made up by pleading. The error relied on, was one of fact, and in strict practice; an issue should have been formed on the plea of non est factum, and tried by a jury. Selden’s Practice, 533. Thus stood the law anterior to the adoption of our constitution, which preserves the right of trial by jury, as theretofore existing. It was competent for the parties to waive this right, and to submit the facts of the case to the decision of the court; but the record exhibits no order, waiving the right of trial by jury. The cause seems to have been called, when the court, without pleading, heard the evidence, and adjudicated upon it, dismissing the writ of .error, and giving judgment against the plaintiff in error below; and here, for damages and costs. As neither party asked for a jury trial of the facts, and as there is no exception filed to the proceeding of the eourt, in hearing the evidence, and deciding upon the facts, of the case, we shall take it, that the course pursued, was approbated by both parties, and that the oourt acted correctly in its manner of proceeding.
All the evidence offered ou the part of the plaintiff in error, except the replevin bond, and execution upon it, amounts to this, that Joseph Logan, the principal, in the fall of 1824, called on Abner Logan, with a blank printed form of a replevin bond, and requested him to become security; stating that the sum was not to exceed fifty dollars; and that he, Joseph, would shortly get- out his wheat, and pay off the debt, and Abner should, never hear of it again. Abner objected, saying he was already bound for Joseph, in three or four hundred dollars, but whether in notes or reple-vin bonds, was not stated. After the conversation, however, Abner signed the blank bond, “which was to be filled-up with a sum, not exceeding fifty dollars.” The witness then took the blank bond as signed, and read it; there was-no writing in it, and the witness believed that the bond produced on trial, was the same, with dates and sums inserted since it was signed by Abner Logan, and read by him as aforesaid,
Replevin bond, signed in blank, and afterwards acknowledged before sheriff, is valid.
The defendant then introduced Ward, the deputy sheriff, who returned the bond to the office, as a witness. His competency was objected to. He was permitted to testify, reserving the question of the admissibility of his testimony. But, this question was not decided by the court; other grounds having con-trouled its opinion. We are of opinion that the court correctly dismissed the writ of error, upon the plaintiff’s evidence; and hence, there is no necessity to decide upon the competency of the deputy, Ward, as a witness. The replevin bond, as exhibited to the circuit court, was perfect upon its face, containing every legal requisition to constitute it a good bond. The plaintiff’s signature, was admitted to be genuine. The deputy sheriff, in pursuance of his official duty, had returned the bond to the clerk’s office, stating the fact, that although he did not see the security sign his name to the bond, yet it was acknowledged before him. The delivery of the bond, essential to its validity, took effect upon the acknowledgement, before thed eputy sheriff. This, from the date of the bond, was in the winter, 1824; the signing, according to the plaintiff’s witness, was in the fall preceding. Tnere must have been some weeks, at least, between the two dates.
When Abner Logan acknowledged the bond, the presumption is, he knew its contents. It was his duty to know what he acknowledged, and we will presume he did his duty, until the contrary appears. There is no evidence when the blanks were filled. If the deputy sheriff did his duty, which ought likewise to be presumed, it was before Abner Logan acknovt 3-edged it. Subsequent to the time spoken of by his witness, he might have agreed to become security for more than fifty dollars. The subsequent transactions lead to that conclusion. His ground of exoneration from the bond, was in effect, a special plea of non est factum; and the burden of proof lay upon him.
Having submitted his evidence fo the court, the judge had the same right to weigh it, and to draw inferences from the facts proved and admitted, which the jury would have possessed, had the evidence been submitted to a jury, Vernon vs. Young, Litt. Sel. Cases, 351.
Reid, for plaintiff; Mills, and Brown, for defendant.
In such, cases the same preponderance in the evidence will be required, to induce us to reverse the decision of the judge, that would he demanded to justify setting aside the verdict of a jury.
In our opinion, the plaintiff has failed to furnish such preponderating evidence; and therefore, the judgment of the circuit court is affirmed, with costs.