### Early, et al. v. Early.
(Decided January 16, 1919.)

#### Appeal from Daviess Circuit Court.

1. Pleading—Departure.—Where a widow sued for dower in her husband's real estate and her distributable share of his personalty,

and the defendants pleaded an antenuptial contract by which she released all claim to his estate, and she replied that the contract was obtained by fraud, the reply was not a departure from the petition since it contained a statement of facts constituting an avoidance of the defense stated in the answer, as authorized by section 98, Civil Code.

2. Equity—Equitable Issue—Right to Trial by Jury—Discretion of Chancellor.—While it is true that the parties to an equitable action are not entitled as a matter of right to have a purely equitable issue submitted to a jury, the discretionary power of the chancellor to obtain the advisory aid of the jury upon such an issue has always been recognized and upheld.

3. Appeal and Error—Review—Verdict in Equitable Action.—Where a distinct legal issue is presented in an equitable action, the verdict of the jury is conclusive and will not be disturbed unless flagrantly against the evidence.

4. Equity—Verdict—Conclusiveness.—Where in an equitable action, the issue of fact is purely equitable, the chancellor may disregard the verdict and enter judgment in conformity with his view of the weight of the evidence.

5. Equity—Submission of Issue to Jury—Instructions.—Where in an action by a widow to recover dower in her husband's real estate and her distributable share of his personalty, the defendants relied on an antenuptial contract, which plaintiff replied had been obtained by fraud, and the cause was transferred to the common law docket, the submission to the jury of the issue of fraud was not erroneous on the ground that the cause was submitted for a general verdict on the whole case.

6. Husband and Wife—Antenuptial Contract—Burden of Proof.— Where an antenuptial contract consists of mutual relinquishments of interests in each other's estates, and the contract does not show and the pleadings do not admit, that the wife had no property, there is no basis for any presumption against the validity of the contract, and the burden of showing the unfairness of the transaction is on the wife; but when she showed that she had no property, the burden then shifted to those claiming under the contract and it was incumbent on them to show the fairness of the transaction.

7. Husband and Wife—Antenuptial Contract—Fraud—Instructions. —An instruction telling the jury that if they believe from the evidence, that at the time plaintiff signed an antenuptial contract she did not know the extent or probable value of the property of her husband, and that no disclosure was made by him to her, or by any other person to her, of its extent or value, and that she did not then fairly understand the import and meaning of the contract, to find against the contract is not subject to the complaint that it imposed upon the husband the duty to disclose to plaintiff the extent and value of his property, although the extent and value of his property may have been known to her,

or that it authorized the jury to find against the contract if plaintiff did not fairly understand its import and meaning, although she may have been fully advised as to the extent and value of her husband's property, since the propositions were submitted in the conjunctive form and the jury were required to believe all of them before they could find against the contract. ·

8.  Appeal and Error—Review—Verdict in an Equitable Action.—Where, in an equitable action, the verdict of the jury on a purely equitable issue was merely advisory, the admission of some incompetent evidence will not be regarded as prejudicial where upon a consideration of the whole case it appears that the verdict, as affirmed by the chancellor, should be upheld.

W. T. ELLIS and FLOYD J. LASWELL for appellants.

BEN D. RINGO and LA VEGA CLEMENTS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

W. G. Early and Mrs. Ora Black were married on the 21st day of April, 1916. On the same day, and just prior to the wedding, they entered into an antenuptial contract, by which each released all claim to the estate of the other by virtue of the marriage. W. G. Early died on the 21st day of December, 1916, leaving real estate of the value of $1,800.00, and personalty of the value of $500.00. Thereupon, his widow, Ora Early, brought this suit against the administrator and heirs of W. G. Early to recover dower in his real estate and her distributable share of his personalty. The defendants pleaded the antenuptial contract in bar of her right of recovery. Plaintiff replied that the antenuptial contract was obtained by fraud. On motion of plaintiff the cause was transferred to the common law docket for trial of the issue of fact. The jury found against the contract. The chancellor then adjudged that the contract was null and void, and that plaintiff was entitled to the relief prayed for. Defendants appeal.

There is no merit in the contention that the reply is a departure from the petition. Under section 98, Civil Code, a reply may contain (1) a traverse; (2) a statement of facts which constitute an estoppel against, or an avoidance of, a set-off, counterclaim, or defense stated in the answer; (3) a counterclaim against the set-off, and (4) a cross-petition. The cause of action stated in the original petition was plaintiff's right to recover her share of her husband's estate. The defendants pleaded the

antenuptial contract in bar of her right to recover. She replied that the antenuptial contract was obtained by fraud. The reply, therefore, merely pleaded facts in avoidance of the defense stated in the answer, and did not allege a new cause of action. The case is similar to a personal injury action where the defendant pleaded a release by plaintiff and plaintiff replied that the release was obtained by fraud. In such cases, we have never held the reply a departure from the cause of action stated in the petition.

Nor is there any merit in the contention that the chancellor erred in transferring the cause to the common law docket for trial by jury of the issue of fraud. While it is true that the parties to an equitable action are not entitled, as a matter of right, to have a purely equitable issue submited to a jury, the discretionary power of the chancellor to obtain the advisory aid of the jury upon such an issue has always been recognized and upheld. Carder v. Weisenburgh, 95 Ky. 135, 23 S. W. 964; Morawick v. Martineck, 128 Ky. 155, 107 S. W. 759. Of course, where a distinct legal issue is presented, the verdict of the jury is conclusive and will not be disturbed unless flagrantly against the evidence. However, if the issue of fact be purely equitable, the chancellor may disregard the verdict and enter judgment in conformity with his view of the weight of the evidence. L. & N. R. Co. v. Tuttle, 180 Ky. 558, 203 S. W. 308.

Equally without merit is the contention that the chancellor erred in transferring the case to the common law docket for a general verdict on the whole case. Plaintiff's right to share in her husband's estate was not submitted to the jury. The only issue submitted to the jury was whether the antenuptial contract was obtained by fraud, and the finding of the jury on this question was a specific finding on a question of fact.

But it is insisted that the court erred in denying the defendants the burden of proof. Since it is admitted that the husband had property, there might be some merit in this contention if by the contract in question plaintiff had released all her interest in her husband's estate, and there was no corresponding obligation on the part of the husband. Pierce v. Pierce, 71 N. Y. 154, 27 American Rep. 22; Tilton v. Tilton, 130 Ky. 281, 113 S. W. 134, 132 A. S. R. 359. But where, as in this case, the agreement consists of mutual relinquishments of interests in

each other's estates, and the contract does not show, and the pleadings do not admit, that plaintiff had no property, there is no basis for any presumption against the validity of the contract, since in the absence of such a showing the contract may have been to the advantage of the wife. The burden on the whole case was, therefore, on plaintiff, but when she testified that she had no property the burden then shifted to the defendants, and it was incumbent upon them to show the fairness of the transaction. It follows that the court did not err in placing the burden of proof upon plaintiff.

The court instructed the jury as follows:

"The court instructs the jury that if they believe from the evidence that at the time the plaintiff signed the written contract involved in this case, she did not know the extent or probable value of the property of W. G. Early, and that no disclosure was made by him to her, or by any other person to her, of its extent or value, and that she did not then fairly understand the import and meaning of said paper, then the jury will find in favor of the plaintiff as against said contract; and unless the jury so believe, they will find for the defendants in favor of said contract."

It is suggested that this instruction is erroneous because it imposed upon W. G. Early the duty to disclose to plaintiff the extent and value of his property, although the extent and value of his property may have been known to her. It is also suggested that the instruction is erroneous in that it authorized the jury to find against the contract if plaintiff did not fairly understand its import and meaning, although she may have been fully advised as to the extent and value of her husband's property. It is manifest that neither of these contentions is sound. The different propositions submitted to the jury were not submitted disjunctively but conjunctively. In other words, before the jury could find in favor of the contract, they were required to believe that plaintiff did not know the extent or probable value of the property of W. G. Early, *and* that no disclosure was made by him to her or by any other person to her, of its extent or value, *and* that she did not then fairly understand the import and meaning of said paper.

Nor is there any merit in the contention that the evidence was insufficient to show any failure on the part of W. G. Early to disclose the value and extent of his prop-

erty to plaintiff. As before stated, when plaintiff testified that she had no property, the burden then shifted to the defendants to show the fairness of the transaction, and we cannot say as a matter of law that the evidence introduced by defendants was sufficient to meet this requirement.

Since the principal issue in this case was whether, in good conscience, the antenuptial contract should be upheld, it is clear that the issue of fraud was of purely equitable cognizance, and hence the verdict of the jury was merely advisory; and while it may be true that some incompetent evidence was permitted to go to the jury, we do not regard the admission of this evidence as prejudicial. The case is one where the wife was asked to sign a contract previously prepared by the husband, while they were *en route* to their wedding, and therefore at a time when the circumstances were such that she could not well refuse the request. While it was shown that the effect of the contract was explained to her, and certain of the defendants testified that she admitted that she knew what property Mr. Early had and was satisfied with the contract, yet in view of the fact that the burden shifted to the defendants to show the fairness of the transaction, after it was made to appear that plaintiff had no property, we conclude that the case is one where the verdict of the jury as affirmed by the chancellor should be upheld.

Judgment affirmed.