## Myers, et al. v. Young, et al.

(Decided June 23, 1922.)

### Appeal from Casey Circuit Court.

1. Wills—Evidence.—Where testatrix and her sister owned real property jointly and lived together, making a common home, and the testatrix became afflicted with a malignant cancer and after her condition became hopeless and the physician began to prescribe morphine to alleviate the pain, the testatrix, in the absence of her only child, undertook to make a will giving practically all of her property to her sister who administered the narcotic, and the testatrix was shown to have been in feeble physical and mental condition by reason of the disease as well as by the use of the drug:

Held that the verdict of a jury, finding the paper made about one month before her death and offered in evidence, not to be the last will of testatrix, is sustained by the proof.

2. Wills—Instructions.—An instruction which directs the jury to find the testamentary paper in evidence to be the last will of testatrix, unless it shall believe from the evidence that said paper was mutilated by Lucy J. Gann, or some other person at her solicitation or request and with intent to render it ineffectual, then you should find the paper not to be the last will and testament of Lucy J. Gann, does not properly state the law with respect to the cancellation of a will as set forth in section 4833, Kentucky Statutes.

STONE & MOORE and GEORGE E. STONE for appellants.

CHARLES F. MONTGOMERY and W. S. TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This litigation arose over a paper purporting to be the last will and testament of Lucy J. Gann, who died domiciled in Casey county on May 11, 1920. She had never been married although she was the mother of two children, one of whom, Mrs. Young, survives her. She died after many months of pain and suffering from a maligant cancer. She had one sister, Mrs. Emma Myers, the wife of W. C. Myers. Some nine years before the death of the testatrix her brother willed to her and his other sister, appellant, Emma Myers, a tract of about 100 acres of good land, situated in Casey county on which there were improvements of value. As testatrix and her sister had lived together continuously from their infancy they both immediately moved into the same house on this tract of land. They were extremely poor people before they received this devise. They had never owned any lands or much other property. After they came in possession of the 100 acres of land devised to them by their brother, they adopted the community plan of cultivating the farm together and making deposits of the returns received from their products to the account of W. C. Myers. Before testatrix received the devise of one-half interest in the land her daughter, Allie Gann, was married to one George Young. These young people lived in that part of the county for some time and then moved into Indiana where they resided for more than fifteen years before the death of testatrix. At frequent intervals, however, the daughter returned to visit her mother and they were on the very best of terms. Like-

wise was the testatrix on intimate terms with her sister, Mrs. Myers, with whom she lived. Indeed, it appears to have been a harmonious family.

The will in question was executed on April 5, 1920, which was a slight bit more than a month before the death of the testatrix on May 11th. Another paper purporting to be the will of Lucy J. Gann was first presented to the court for probate. By its terms appellant Mrs. Myers received somewhat more property than she did under the first paper which was finally probated. The second paper was abandoned. The will probated reads as follows:

"I, Lucy J. Gann, of the county of Casey and state of Kentucky of sound mind and memory do make my last will and testament in manner and form that is to say (1) It is my will that my funeral expenses and all just debts after my death shall be fully paid.

"(2) I give, devise and bequeath my sister Emma Myers the wife of W. C. Myers my half interest of the farm that of where we now own.

"(3) I give, devise and bequeath my daughter Allie Young ($600.00) Six hundred dollars to be made in two equal payments to be paid by W. C. Myers and wife Emma.

"(4) I hereby appoint W. C. Myers my executor without bond to settle my estate.

"Subscribed, signed and sealed by me. Dated this the 5th day of April, 1920.

"LUCY J. GANN.

"Signed and sealed in the presence of S. M. Owens, L. B. Owens."

After the probate of the paper appellee Allie Young prosecuted an appeal to the Casey circuit court where the whole case was heard by a jury, which after hearing the instructions of the court and deliberating upon the case returned a verdict finding the paper in contest not to be the last will and testament of Lucy J. Gann. Judgment being entered in accordance with that verdict Emma Myers and her husband appeal. In their motion and grounds for new trial appellant set out the following reasons:

(1) Because the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

(2) Because the court erred in giving instructions 1, 2 and 3.

(3) Because of the admission of incompetent evidence on behalf of appellees, Allie Young, &c.

(4) Because of the rejection of competent evidence offered by appellant.

(5) Because the court erred in permitting appellees to read in evidence the instrument of writing dated April 10th, 1920.

(6) Because the court erred, after admitting the evidence of W. C. Myers, in admonishing the jury that they should not consider any of the evidence of said Myers for any purpose other than that part of same which had not been testified to by the wife, Emma Myers.

Appellees say (1) that the judgment should be affirmed because the verdict is amply sustained by the evidence; (2) that there is no error in the instructions prejudicial to the rights of appellants; (3) the court did not err in the admission of evidence of which appellants complain. The converse of the foregoing are the three grounds upon which appellants rely for a reversal of the judgment.

(1) It is hardly worth while to take up time discussing the evidence, for we are thoroughly convinced that there was sufficient evidence not only to take the case to the jury but to sustain the verdict. Miss Gann who had been a sufferer from a malignant cancer for many months had been given up by her physicians as incurable some time in January or February, 1920, before the will was made on April 5th of the same year. She suffered excrutiating pain. The doctor informed the family it was useless for him to visit testatrix for he could do no good except to administer a narcotic to relieve the pain, and he did not visit her after January or the early part of February. The physician did, however, prescribe an opiate for testatrix and gave directions how to use it. This morphine was administered by the sister, Mrs. Myers, with whom testatrix lived. At first the physician prescribed one-eighth of a grain per dose and directed that very few doses be given her per day, but as the weeks passed the size of the dose and the frequency of its administration were increased in order to alleviate the pain. By the first of April the dose had been doubled and trebled and testatrix, according to the evidence, was almost wild without the narcotic, and was as a consequence absolutely under the control and dominion of her sister Mrs. Myers to whom she had to look for this drug

which gave her such relief. In addition to this there was a great deal of evidence on both sides concerning the mental condition of the testatrix at and before the time of the making of the will. Some of the witnesses gave evidence strongly tending to prove that she was incapable of understanding the nature and extent of her property, to know the objects of her bounty or to dispose of her property according to a fixed purpose of her own. On the contrary a number of witnesses, including Mrs. Myers, and her husband, who was allowed to testify, stated that the mind of the testatrix was as clear and strong at the time of the making of the will as it had ever been. Both sides introduced physicians each supporting by his evidence the cause of the party for whom he was called. It was admitted, however, by most of the physicians that the use of morphine in the quantity administered to testatrix was calculated to enfeeble her mind and to destroy her will power. While there is no direct evidence proving the exercise of undue influence on the testatrix by her sister Mrs. Myers or her husband, there are many circumstances proven which might be considered by the jury sufficient to warrant it in finding the paper not to be the last will and testament of Lucy J. Gann. As the case must be reversed for a new trial, we will refrain from further discussion of the evidence. We therefore conclude that the trial court did not err in submitting the case to the jury.

(2) While all of the instructions are complained of by appellants, we think it necessary to consider only the first one which reads:

"You will find the paper dated April 5th, 1920, and offered in evidence to be the last will and testament of Lucy J. Gann:

"Unless you should believe from the evidence that at the time she signed the papers she was not of sound mind, or if you should believe from the evidence the execution of said paper was procured by the undue influence of some other person or persons, or unless you should believe from the evidence that said paper was mutilated by Lucy Gann or by some other person at her solicitation or request with the intent to render it ineffectual, and should you believe from the evidence, all or any or either one of these last three conditions exists or existed, you will find the paper aforesaid, not to be the last will and testament of Lucy J. Gann."

This instruction is correct in its first paragraph and in all parts except that which relates to a revocation of a will. With respect to the revocation of the will the court instructed the jury in substance that it should find the paper of date April 5, 1920, and offered in evidence, as the last will and testament of Lucy J. Gann to be her will, unless the jury should believe from the evidence that said paper was mutilated by Lucy Gann or by some other persons at her solicitation or request with the intent to render it ineffectual; and if the jury so believe from the evidence it should find the paper not to be the last will and testament of Lucy J. Gann. This does not clearly comport with the provisions of the statutes upon that subject. Section 4832 Kentucky Statutes provides, that every will made by a man or woman shall be revoked by his or her marriage, except, etc; while section 4833 provides that "no will or codicil, or any part thereof, shall be revoked unless under the preceding section (by marriage), or by a subsequent will or codicil, or by some writing declaring an intention to revoke the same, and executed in the manner in which a will is required to be executed, or by the testator, or some person in his presence, and by his direction, cutting, tearing, burning, obliterating, cancelling or destroying the same, or the signature thereto, with the intent to revoke." It therefore clearly appears that the will of Lucy J. Gann could not have been revoked by tearing or mutilating it by anyone except herself or another person in her presence and at her direction. The instruction which directed the jury to find that Lucy J. Gann had revoked the will by mutilating it or causing another person to do so with the intention of rendering it ineffectual, did not correctly state the law, for as said in the case of Miller v. Harrell, 175 Ky. 578, a will can only be revoked by tearing or mutilating it, as provided in Kentucky Statutes, section 4833, or by causing another to do so in the presence of the testatrix. "It is not the intent alone that controls in a revocation of wills, but the intent must be coupled with an act amounting to revocation, such as burning or otherwise destroying, and if the destruction be by a third person it must be by the direction and consent of the testator, and in his presence and with intention to revoke the same. The first instruction was so erroneous as to be prejudicial to the rights of appellants. In addition to what we have already said with respect to the instructions and in the light of the whole record we do not be-

lieve that an instruction upon revocation should have been given to the jury. If upon another trial the evidence upon this issue is developed so as to require such an instruction it should be in the form indicated above.

(3) As W. C Myers is the husband of appellant Emma Myers, he was not a competent witness in her behalf, and although the court allowed him to testify he properly excluded his evidence from the jury. Upon another trial he will not be permitted to testify.

For the reasons indicated the judgment is reversed for new trial consistent with this opinion.

Judgment reversed