## Wiggins v. Commonwealth.

(Decided October 7, 1927.)

Appeal from Rockcastle Circuit Court.

1. Criminal Law.—In prosecution for second offense against Prohibition Law (Acts 1922, c. 33), evidence of search of defendant's premises and finding of whisky thereon held sufficient to go to jury.

2. Criminal Law.—Sufficiency of search warrant and affidavit on which it is based are not before Court of Appeals, in absence of any objection to the introduction of testimony obtained in the execution of such warrant.

3. Criminal Law.—Motion for peremptory instruction challenges the sufficiency and not the admissibility of evidence, and hence is insufficient to take the place of an objection to testimony necessary to review of question of sufficiency of such warrant.

C. C. WILLIAMS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of a second offense against our state Prohibition Law (Acts 1922, c. 33) and given a sentence of one year in the state penitentiary. He

appeals. The facts are these: N. J. Tipton, a deputy sheriff of Rockcastle county, armed with a search warrant, visited the home of the appellant in company with Wm. A. Hayes and Nathan Brummitt. A search of the house by them disclosed nothing. The party then went to the outbuildings and searched them, but found nothing. The party then returned to the residence. Brummitt and Hayes remained in the residence, but Tipton went out and made another search of the barn on the appellant's premises, and there found a quart of moonshine whisky. He returned with it to the residence of the appellant. Tipton claims the appellant offered him $1,000 not to prosecute him, but the appellant denies he made any such offer. In his own defense, the appellant denied any knowledge of the presence of the whisky in his barn and suggested that as the barn was very near the public highway some traveler might have left it in the barn while passing by. There was evidence establishing a prior violation by the appellant of our present state Prohibition Law and his conviction therefor. Of course, under this state of the evidence, it was for the jury to pass upon the guilt or innocence of the appellant, and its finding that he was guilty cannot be said to be flagrantly against the evidence. The main contention of the appellant on this appeal is that the search warrant and the affidavit on which it was based were insufficient. The affidavit was lost, but its contents were proved by Mr. Tipton who made the affidavit.

Whether the affidavit and search warrant, or either of them, was insufficient need not be determined in this case because the record fails to show that any objection was made to the introduction of the testimony of Tipton, and especially of the evidence of what he discovered under the search. It is true the appellant made a motion for a peremptory instruction, but as held in Mullins v. Commonwealth, 204 Ky. 445 264 S. W. 1048, Scott v. Commonwealth, 206 Ky. 286. 267 S. W. 159, and in numerous cases which have followed these cases, a motion for a peremptory instruction challenges the sufficiency of the evidence, and not its admissibility. It results, therefore, that the judgment of the lower court must be and it is hereby affirmed.