### Truitt v. Truitt's Adm'r et al.

March 27, 1942.

634

Charles Ferguson for appellant.

King, Flournoy &. Ruark for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Mrs. Bessie O'Nan Truitt, widow of J. T. Truitt, filed a petition in equity to recover her distributable share of his estate. It is against the administrator and his three children and their respective wives and husband. The estate was appraised at about $45,000, of which $24,000 is personalty.

The defendants denied the plaintiff was entitled to any part of the estate and alleged that there was an antenuptial agreement between her and her late husband by which each relinquished his or her right to participate in the estate of the other. The contract, it was pleaded, could not be found for filing. The plaintiff denied there was such an agreement. The issue as to the execution of the contract was submitted to a jury as an issue out of chancery and its verdict was for the defendants. Judgment was entered thereon and the petition dismissed. The plaintiff appeals.

Many points are made for a reversal of the judgment. We need not consider all of them. The evidence was conflicting as to whether or not there was a prenuptial contract. The burden was placed upon the defend-

ants. Their evidence showed that such a contract had been signed by the parties and that it could not be found. The testimony is not wholly consistent as to its exact terms. The plaintiff testified the subject had not been discussed and there was never any such contract. Statements of the decedent proved by another witness indicated that he expected his wife to receive her distributable share in his estate. The appellant argues that she should have been given judgment because of the failure of the defendants to meet the burden of proving that the contract, if any existed, was fairly entered into.

The abstract declaration of the law that an antenuptial contract must have been fairly entered into usually consists in requiring that it be shown that the agreement substituting contractual rights for statutory rights was equitable and just, made freely and with a knowledge of the prospective wife or husband of the nature and extent of the other's estate and of her or his property rights which would otherwise be acquired by reason of the marriage. Potter's Ex'r v. Potter, 234 Ky. 769, 29 S. W. (2d) 15; Harlin v. Harlin, 261 Ky. 414, 87 S. W. (2d) 937. The rule has heretofore been applied where the execution of such a contract was admitted and it was sought to avoid its terms upon those equitable grounds. Whether such a plea of avoidance would be consistent with a plea of non est factum we need not now consider. There was no such issue in this case, and consequently the rule as to fraud or inequity was not applicable.

There is much incompetent testimony in the record, but the right to exclude it was in most instances waived by plaintiff's lawyers not objecting. It is fair to appellant's counsel on the appeal to say he did not represent her on the trial. It seems necessary for the decision to analyze the classes of witnesses and testimony.

Lowell H. Truitt, the deceased's son and administrator, testified over plaintiff's objection to a conversation he had with his father three or four days after his marriage, in which he said "that the marriage would not make any difference financially, that we had taken care of that and made a marriage contract so that there would not be any trouble and he did not want to have another Eddie Jones matter." The witness had related that the plaintiff was present and had participated in the conversation. She was not asked about it. We think the son's testimony was competent, for Section 606, Subsection 2,

of the Civil Code, does not bar the testimony of an interested party as to a statement of a deceased person if it affects one who heard such statement and is over fourteen years of age and of sound mind. Rice v. Blanton, 232 Ky. 195, 22 S. W. (2d) 580. Under the qualification of Section 606, Subsection 2 c, this testimony gave the widow the right to testify concerning the matter; otherwise she was disqualified. Gaines v. Gaines' Adm'r, 163 Ky. 260, 173 S. W. 774; Turner's Adm'r v. Ward, 201 Ky. 295, 256 S. W. 389; Combs v. Roark, 206 Ky. 454, 267 S. W. 210.

George Louis Clements, a son-in-law of the deceased, testified that Truitt showed him a marriage contract about ten days after his marriage and asked him to read it. Over plaintiff's objection he related its contents. It is not indicated that Mrs. Truitt was present on that occasion. The record as to the testimony of this witness presents two questions: (a) Is a son-in-law barred from testifying as to a transaction with or statements of his deceased father-in-law where his wife is one of the parties principally benefited by his testimony and he is himself a party to the suit? (b) Did the objection to the testimony of Lowell Truitt, decedent's son, and its overruling by the court obviate the necessity of the plaintiff making special objection to the present witness testifying?

(a) It has been held that a husband is not qualified to testify for his wife under similar circumstances. Myers v. Young, 195 Ky. 527, 242 S. W. 864, 865; Brown v. Elk Horn Coal Corp., 225 Ky. 288, 8 S. W. (2d) 404. In those cases and others the disqualification was merely stated to rest upon the terms of Section 606, Civil Code, without a distinction being drawn between one testifying for his wife (Subsection 1) and testifying as to statements of a deceased person (Subsection 2). Recently Section 606, Subsection 1, has been amended so that a husband may testify for his wife or a wife for her husband the same as any other witness, except as to confidential communications between them during marriage, the exception itself being qualified in cases of divorce. Chapter 95, Acts of 1940. That was the law when this case was tried. There remains the question of disqualification of such a witness under Subsection 2 of Section 606. The appellees submit that the interest of the son-in-law in the result of the suit is uncertain, remote and

contingent, being only an expectancy in his wife's estate; hence that he was a competent witness. The criterion of competency is undeniably proper. In applying the terms of Subsection 2 of Section 606 in Hicks v. Oak's Adm'r, 233 Ky. 27, 24 S. W. (2d) 917, 920, we followed the rule laid down by Greenleaf, namely:

> "The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested interest, and not an interest uncertain, remote, or contingent."

This quite satisfactorily states the test. Other opinions have stated it in somewhat different language but it is the same in substance. See Trevathan's Ex'r v. Dees' Ex'rs, 221 Ky. 396, 298 S. W. 975; Justice's Adm'r v. Hopkins, 261 Ky. 681, 88 S. W. (2d) 688; Christopher's Adm'r v. Miniard, 267 Ky. 484, 102 S. W. (2d) 978. But can it be said that a husband's present interest in his wife's estate, particularly her real property, is so contingent and remote as to be a mere expectancy (as in the case of a child, who is permitted to testify for his parent) so as not to bring him within the bar of Subsection 2 of Section 606? True it is that Section 2127 of the Statutes declares that a husband has no estate or interest in his wife's property; but that is qualified by the restriction of Section 2128 of the Statutes that she may not make any executory contract to sell, convey or mortgage her real estate without her husband joining in the contract. A very substantial interest in the estate of a wife or husband is given by Section 2132 of the Statutes. The inchoate right of dower is a vested right (Maryland Casualty Co. v. Lewis, 276 Ky. 263, 124 S. W. (2d) 48) defeasible only by prior death. A husband cannot be deprived of his distributable share by the will of his wife under the terms of Section 1404 of the Statutes, as construed in Brand's Ex'r v. Brand, 109 Ky. 721, 60 S. W. 704, any more than a wife. be denied her share in his estate. Indeed, the wife's interest in her husband's estate is even more stable because he cannot deprive her of her marital rights in his property by a conveyance or devise by way of jointure. Section 2136, Statutes; Maynard's Adm'r v. Maynard, 285 Ky. 75, 146 S. W. (2d) 343. We are of opinion, therefore, that the son-in-law

was not a competent witness to testify to the transaction with his deceased father-in-law.

(b)   As stated, there was no objection made by the plaintiff to Clements testifying that Truitt showed him such a contract which was signed by both parties, the objection going only to the statement of its contents.   It is the rule of practice, as the appellant contends, that once having made an objection to the admission of a class of evidence, and having had it overruled, it is not necessary that objections should be continuously made to similar testimony, since it may be assumed the court will adhere to the ruling throughout the trial.   Louisville & N. Railroad Co. v. Rowland's Adm'r, 215 Ky. 663, 286 S. W. 929.   The appellant relies on this rule, insisting that objection having been made to Lowell Truitt testifying as to his conversation with his father and overruled, it was not necessary that objection should be repeated in relation to the testimony of the son-in-law.   The rule does not apply, for, as we have stated, Lowell's testimony was competent because the person adversely affected, namely, the plaintiff, was present and heard the conversation.   But the special objection made to Clements testifying as to the contents of the contract should have been sustained, and the admission of that evidence was an error.

James Truitt, another son, testified to the receipt by his wife of a letter from his father written shortly after his marriage, in which he wrote:

"We made a contract that her money and her property was her's and her boys' (she has two boys) and what I had was for me and my children, so that financially it would not make any difference with the heirs on either side."

The witness was disqualified and the evidence incompetent because it was a self-serving declaration of the deceased.   But plaintiff's failure to object constituted a waiver.

R. S. Thomason and Bertye W. Schneider, qualified witnesses, testified without objection that the deceased told them he had a marriage contract.   Later objection was made to Joe Whitledge testifying that Truitt had discussed his marriage with him and said he had such a contract and told him its effect.   The objection was overruled.   This was error.   The statements of the deceased

were purely self-serving and incompetent, for one is not permitted to go about making declarations that have the effect of benefiting himself or his estate to the detriment of another who has or may have a claim against him or his estate and who does not hear the declarations. One may not create or destroy a contract by that method. Bean's Adm'r v. Bean, 216 Ky. 95, 287 S. W. 239; Sutton v. Russell's Ex'r, 236 Ky. 535, 33 S. W. (2d) 629.

A few days after the decedent's marriage to the appellant he addressed a typewritten communication to his children, which is testamentary in character. He had his bookkeeper sign it as a witness. Because of the absence of a second witness, the probate of the paper as a will was rejected. This was introduced, read to the jury, and filed as an exhibit in the record, over plaintiff's objections. It contains this statement:

> "Bess (his wife) and I have agreed that her property is for her children and my property is for me and my children. However, I wish you to pay the doctors' bills and funeral expenses and then give Bess $1,000."

This is purely a self-serving declaration. In this jurisdiction such a declaration is no more admissible when reduced to writing than when uttered orally; nor when the party making it has since died. Robinson v. Eastern Gulf Oil Co., 196 Ky. 385, 244 S. W. 914; Richard Ritter, Inc., v. Morris Hess & Co., 211 Ky. 730, 277 S. W. 1016; Vogt v. Newmark Co., 244 Ky. 91, 50 S. W. (2d) 54. The admission of this document was an error.

We have not overlooked appellees' argument that declarations of the deceased are competent in corroboration of other evidence of witnesses who saw and read the claimed contract, although they may not be sufficient of themselves to establish its existence or contents. In support they rely upon the ruling of this court in relation to the existence of a will alleged to have been lost. In Atherton v. Gaslin, 194 Ky. 460, 239 S. W. 771, we reviewed the conflicting authorities as to the admissibility of a deceased person's statements as to his intentions in respect to the disposition of his property by will, and his statements after its execution that he had made such a will—the issue being that the instrument presented for probate was a forgery—and reached the conclusion that such evidence was competent. This ruling was followed

in Ferguson v. Billups, 244 Ky. 85, 50 S. W. (2d) 35, and Pritchard v. Harvey, 272 Ky. 58, 113 S. W. (2d) 865, involving the probate of lost wills. There is a distinction between a will and a contract of the character involved in this case. A will relates to the voluntary disposition of the testator's property and his statements in respect thereto cannot be said to be adverse to any person, for no one has a legal or vested right therein except a wife or husband to the extent above stated. But a contract involves legal and vested rights of other parties. The declaration of a husband that his wife had executed an ante-nuptial contract and concerning the terms thereof relate to the impairment of her vested statutory right to participate in the distribution of his property at his death—a right which cannot be denied her except by operation of some law of forfeiture. So such declarations are not admissible in evidence, being purely self-serving.

The question presents itself whether the admission of incompetent evidence requires a reversal of the judgment. As stated in the beginning of this opinion, this is a suit in equity. Ordinarily a chancellor may disregard incompetent evidence and this court on review may do likewise and determine the right of the matter on the competent proof. It has, therefore, been held that the admission of incompetent evidence in a jury trial of an equitable issue was not prejudicial. Early v. Early, 182 Ky. 757, 207 S. W. 466. We have not said and do not now say that in every such trial the admission of incompetent evidence shall always be regarded as non-prejudicial, irrespective of degree or amount. But consideration must be given the fact that on a trial by a jury of an issue out of chancery concerning a matter of equitable cognizance, the verdict is merely advisory and the chancellor may disregard it and render judgment in conformity with his views. Schlachter v. Henderson's Adm'r, 259 Ky. 759, 83 S. W. (2d) 491. The converse is also true: that where a distinctly legal issue is presented to a jury its verdict will be treated as if the case was an action at law and regarded as conclusive unless it should be set aside by the granting of a new trial upon some ground authorized by the law and the facts. Elkhorn Land & Improvement Co. v. Wallace, 232 Ky. 741, 24 S. W. (2d) 560. It is not always easy to determine whether an issue is equitable or legal. Early v. Early, supra, was a suit like the present one, by a wife to recover dower and her distributable share in her husband's estate, and

642

an ante-nuptial contract was set up which relinquished her right; but it was attacked as having been procured by fraud. We held that the verdict of the jury on an issue out of chancery as to the existence of fraud was only advisory. But an issue of non est factum is purely a question of fact to be tried by the jury as a legal issue. Logan v. Doniphan, 25 Ky. 251, 2 J. J. Mar. 251; Castleman v. Continental Car Co., 201 Ky. 770, 258 S. W. 658. This case was submitted to the jury by instructions conforming to the practice of a common law action and was treated as such throughout. We think that was proper and that the admission of the incompetent evidence above described was prejudicial error.

The judgment is reversed.

Whole Court sitting.