## Gardner's Adm'r v. Dale.

March 25, 1949.

Otte, Shaw & Frazee for appellant.

Charles W. Anderson, Jr., and Benjamin F. Shobe for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Remel Warr Dale, instituted an action against Charlotte Gardner's administrator to recover $1,020 for services rendered Mrs. Gardner from Febru-

ary 15, 1945, to June 15, 1946, the date of the latter's death. She alleged in her petition that the services were rendered under an agreement with Mrs. Gardner to furnish her board, nursing, care and attention. The case was submitted to a jury which returned a verdict in favor of the plaintiff in the sum of $920. The principal ground urged for reversal of the judgment is error of the court in admitting the testimony of Mrs. Dale and her husband concerning transactions with the decedent in violation of section 606(2) of the Civil Code of Practice.

The plaintiff, called as a witness on her own behalf, was asked if she visited Mrs. Gardner in the latter's home some time in February, 1945, and she answered in the affirmative. She was asked if she moved into Mrs. Gardner's home and she answered: "I went back to see Mrs. Gardner, and while I was there, sitting there talking to her, she asked me and my husband and children on the promise that I would come over there and * * *." At this point an objection was interposed, and it was sustained by the court. The examination of the witness proceeded:

"Q. Did you go over to Mrs. Gardner's home and start doing some work for Mrs. Gardner? A. Yes.

"Q. And did you go there with the understanding that you were to be compensated?

"The defendant, by counsel, objected to the foregoing question; which objection the Court overruled, and to which ruling of the Court the defendant excepted.

"A. Yes."

From this point no further objection to Mrs. Dale's competency as a witness was made, and she testified in great detail as to conversations and transactions with the decedent. The plaintiff's husband, Henry B. Dale, also testified concerning transactions with the decedent, and no objections to his testimony were made because of his incompetency as a witness.

Appellee argues that appellant waived the incompetency of appellee and her husband as witnesses because he failed to make proper objection, while appellant insists that she made appropriate and timely ob-

jection to the admissibility of this class of testimony, and when the court overruled her objection and she saved an exception it was not incumbent on her to continue her objections and probably incur the antagonism of the jury. The seventh question propounded to. Mrs. Dale, testifying for herself, involved a transaction with the decedent, and when the court overruled an objection and permitted her to answer, the door was open to all that followed. We have held in numerous cases that where an objection to a particular class of testimony is overruled, the party objecting need not repeat the objection every time a similar question is asked since it may be assumed the court will adhere to the ruling throughout the trial, Bailey v. Bailey, 297 Ky. 400, 180 S.W.2d 316; Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S.W.2d 31, 140 A.L.R. 1127; Moran v. Choate, 253 Ky. 470, 69 S.W.2d 994, and this is true whether the line of interrogation is to the same or other witnesses. Occidental Insurance Co. v. Chasteen, 255 Ky. 710, 75 S.W.2d 363; City of Hazard v. Eversole, 237 Ky. 242, 35 S.W.2d 313; Koehler v. Com., 222 Ky. 670, 1 S.W.2d 1072; Brown's Adm'r v. Wilson, 222 Ky. 454, 1 S.W.2d 767. As was held in Truitt v. Truitt's Adm'r supra, a husband is not a competent witness to testify to a transaction with a decedent where his wife is disqualified under subsection 2 of section 606 of the Civil Code of Practice.

Appellant contends that with Mr. and Mrs. Dale's testimony eliminated the evidence was insufficient to take the case to the jury, but we deem this contention without merit since there was other evidence which tended to show that Mrs. Dale performed the services described in her petition, and that they were performed pursuant to an agreement with the decedent.

Judgment is reversed with directions to grant appellant a new trial.