COMBS, Justice.
The question is whether the will of George R. Watson was destroyed by him with the intention of revoking it. The appeal is from a judgment entered on a jury’s verdict finding that it was.
Mr. Watson died in 1948 at the age of 85. It is admitted that a will was duly executed by him in 1946. By its terms the substance of his estate, amounting to approximately $7,200, was devised one-fourth each to two of his six children, one-fourth to a grandson, and the remainder to the issue of a deceased son. The will was placed by testator in a safety deposit box in a local bank. The key to the box was delivered at that time to testator’s son, Ollis. Some six or eight weeks later Ollis returned the key to his father by mail.
Mr. Watson was a widower and for the last 16 months of his life lived with his son, Oris, and his daughter, Jewell Quinton, who maintained a home together. He appears to have been a man of strong will, active both physically and mentally for a man of his age, until a week preceding his death. Some six or eight weeks before he died he directed his son Oris to go to the bank and bring to him the papers which were in his safety deposit box. The papers were delivered by Oris to his father, who placed them in the drawer of a table near his bed. The will presumably was among the papers, although there is no direct testimony on this point. The will was not found after his death.
The devisees under the will, appellants here, learned that the attorney who prepared the will had retained an unsigned carbon copy of same. Using the copy as a basis, and making the necessary allegations that the original had been lost, they obtained an . rder of probate from the county court. On appeal to the circuit court by other members of testator’s family, appellees here, the jury returned the verdict heretofore referred to, finding that the will was destroyed by the testator with the intention to revoke it.
We think it may fairly 'be concluded from the circumstances that the will was among the papers delivered to testator by his son Oris some six or eight weeks before.his death. The general rule, often stated!, is that a will, last seen in the custody of *588 the testator and which cannot be 'found at his death, is presumed to have been destroyed by him with the intention of revoking it. Clemens v. Richards, 304 Ky. 154, 200 S.W.2d 156; Wood v. Wood, 241 Ky. 506, 44 S.W.2d 539; Pritchard v. Harvey, 272 Ky. 58, 113 S.W.2d 865.
The difficulty in the case arises from the fact there is testimony that Jewell Quinton, the daughter with whom testator resided, and who was not a devisee under the will, stated she had destroyed it. Determination of the factual issues is complicated by reason of the incompetency of the testimony of practically all of the witnesses who have knowledge of the circumstances. Although the testimony as to statements by Jewell Quinton was competent as evidence of an admission against interest, the trial court correctly held that other testimony of testator’s sons and daughters as to transactions with and declarations by him was incompetent, except for the purpose of showing the mental condition of the testator. Civil Code of Practice, § 606(2); Hale v. Hale, 242 Ky. 810, 47 S.W.2d 706.
We now examine the testimony of Jewell Quinton. After testifying that her father lived with her at the time of his death, and that his mind was active until a few days before he died, she was asked on direct examination if she admitted to Ruby Hines, one of her sisters, that she burned her father’s will. She answered in the negative and was then asked: “Did you burn it?” Appellants’ objection to this question was sustained and, although appellees excepted to the court’s ruling, no avowal was made as to what the answer would have been had the witness been permitted to answer. She was then asked and answered as follows: “Q. Did you tell anyone that? A. Yes. Q. Who? A. My sister-in-law. Q. What did you tell her? A. I told my sister-in-law that I burned it.” Objection was then made by appellants and sustained, with admonition by the court to the jury that “You are not to consider the statement by this witness. It is not competent.” Ap-pellees saved no exception to this ruling, and no avowal was made as to what the witness would have testified if she had been permitted to continue.
 In view of the testimony of other witnesses that Jewell Quinton had stated she burned the will, she should have been permitted to explain the statement, if she desired to do so, and also to state whether she did burn the will, and, if so, under what circumstances. 20 Am.Jur., Evidence, sec. 1196; Commonwealth Life Insurance Co. v. Pendleton, 231 Ky. 591, 21 S.W.2d 985, 66 A.L.R. 1526; Phillips v. Owsley, 4 Ky.Law Rep. 832. The error was invited by appellants and they should not be permitted to benefit by it. Mann’s Admr. v. Reynolds, 150 Ky. 313, 150 S.W. 329; Barton v. Barton’s Adm’r, 142 Ky. 487, 134 S.W. 902. But since appellees’ attorneys failed to make any avowal, we are unable to say what the witness would have testified on this crucial point if she had been permitted to continue.
In the present state of the record we have this situation: The will was in the possession of the testator a few weks before his death and could not be located after he died. His daughter Jewell Quinton, with whom he resided, has made the statement the will was 'burned by her, but was not permitted to explain her statement or to testify whether she actually did burn the instrument. KRS 394.080, insofar as is here pertinent, provides: “No will or codicil, or any part thereof, shall be revoked, except: * * * (4) By the person who made the will, or some person in his presence and by his direction, cutting, tearing, burning, obliterating, canceling, or destroying the will or codicil, or the signature thereto, with the intent to revoke.” Also see Miller v. Harrell, 175 Ky. 578, 194 S.W. 782; Myers v. Young, 195 Ky. 527, 242 S.W. 864.
 If the will was burned by Jewell Quinton, the burning, of course, did not constitute a revocation unless it was done in the presence of the testator and by his direction. On the other hand, if the will was burned by her in her father’s presence and at his direction, this did constitute a *589 revocation. This issue should have been submitted to the jury under proper instructions.
The judgment is reversed for proceedings consistent with this opinion.