Betty J. SNYDER et al., Appellants,

v.

Edna HAYDEN et al., Appellees.

Court of Appeals of Kentucky.

May 18, 1962.

Rehearing Denied Oct. 12, 1962.

Anthony R. Hellmann, William B. Cohen, Erwin A. Sherman, R. M. Morton, Louisville, for appellants.

Gene Sims and Henry J. Burt, Jr., Marion Wiseheart, Louisville, for appellees.

CULLEN, Commissioner.

In 1944 Mr. & Mrs. L. C. Hayden purchased from the Greater Louisville First Federal Savings and Loan Association, for $4400, a rooming house property in Louisville. They made a down payment of $500 and executed a 20-year mortgage for the balance, payable in monthly installments. Prior to 1944 Mrs. Hayden's sister, Ethel Kaufman Hawkins, had rented the property from the savings and loan association and had operated a rooming house there. After the purchase by the Haydens, Mrs. Hawkins continued until her death in 1956 to operate the rooming house, and during that period she made to the association all monthly payments (except perhaps three made by the Haydens) necessary for mortgage installments, insurance and taxes.

After Mrs. Hawkins' death in 1956 her surviving husband and two daughters

brought this action against the Haydens seeking to be declared the owners of the property on the theory of a parol express trust. The circuit court entered judgment denying the relief sought and the plaintiffs have appealed.

There was no direct evidence of a trust agreement. The appellants claim a trust is implied from the conduct of the parties and the circumstances of their transactions.

 Concerning some of the circumstances there was conflicting evidence, and even from the facts not in dispute reasonable minds could draw different inferences. The chancellor found the intention of the parties to be that Mrs. Hawkins, through the credit and financial responsibility of the Haydens, should be enabled to continue to have the place to live and means of earning a living that she had had under the former rental arrangement with the savings and loan association. Mrs. Hawkins was impoverished and was fearful in 1944 that the association would sell the property to a stranger and leave her homeless. The chancellor found that her sole concern was not to be dispossessed from the property and deprived of the income she made from room rentals, and that she was willing to make the mortgage installment payments, in lieu of the rent she formerly had been paying, simply as consideration for being permitted to remain in the property. We cannot say that these findings are clearly erroneous.

 It must be remembered that clear, convincing and satisfactory evidence is required to establish a parol trust of land, and that where the evidence is uncertain, conflicting, doubtful, or unsatisfactory, or is susceptible of a reasonable explanation or a theory other than the existence of a trust, no trust will be established. Potter v. Potter, 180 Ky. 370, 202 S.W. 872.

 The appellants maintain that the court erred in refusing their demand for a jury trial. However, the action sought purely equitable relief and therefore was not one triable of right by a jury within the meaning of CR 38.02. See Dodge v. Black, 21 K.L.R. 992, 53 S.W. 1039.

 There is no merit in the appellants' contention that the court erred in excluding testimony of two witnesses as to certain self-serving declarations made by Mrs. Hawkins out of the presence of the Haydens. See Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S.W.2d 31, 140 A.L.R. 1127.

The judgment is affirmed.