## Bardin v. Commonwealth.

(Decided May 27, 1921.)

### Appeal from Green Circuit Court.

1.   Criminal Law—Instructions.—The requirement of Criminal Code, sec. 225, that instructions must be in writing may be waived in

misdemeanor cases, and the failure of accused to except to the action of the trial court in giving an oral instruction in a misdemeanor case estops him from objecting on appeal that the instruction was not in writing.

2.    Criminal Law—Directing Verdict of Guilty.—It is never proper for the court to direct a verdict of guilty where there is a plea of not guilty, notwithstanding the fact that the evidence of accused's guilt may be convincing and uncontradicted.

3.    Jury—Trial by Jury.—Under the constitutional guarantee that a person charged with the commission of a crime is entitled to a trial by jury, an accused who has pleaded not guilty has the absolute right to have the question of his innocence or guilt submitted to a jury regardless of the state of the evidence.

4..   Jury—Trial by Jury.—Where there is a sharp conflict in the evidence the case is one peculiarly triable by a jury and is not for the court.

5.    Municipal Corporations—Ordinances—Sidewalks.—A city of the sixth class has the right, by ordinance, to provide for the construction or reconstruction of sidewalks, and when necessary to order the removal of any trees or other obstructions interfering with such construction.

J. H. WOODWARD for appellant.

CHAS. I. DAWSON, Attorney General, and W. P. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Kentucky Statutes, section 1256, provides:

"If any person unlawfully, but not with felonious intention, take, carry away, deface, destroy or injure any property, real or personal, or other thing of value not his own, or wilfully and knowingly, without a felonious intention, break down, destroy, injure or remove any monument erected to designate the boundaries of this state, or any county, city or town thereof, or the boundaries of any tract or lot of land, or any tree, mark or post or stone planted for that purpose he shall be fined not less than ten nor more than two thousand dollars."

Appellant was indicted for the offense denounced by the foregoing statute, upon trial was found guilty and fined $100.00 and to reverse the judgment entered in accordance with said verdict he has prosecuted this appeal.

Appellant urges as error the court's oral instruction to the jury to find him guilty, a point well taken, and because of which a reversal must be ordered.

Section 225 of the Criminal Code requires that instructions in criminal cases shall be given in writing, a provision that has been rigidly enforced, except in misdemeanor cases, where the requirement may be waived. Appellant's failure to except to the action of the court in so instructing the jury estops him from objecting on appeal that the instruction was not in writing. Mobile & Ohio R. R. Co. v. Commonwealth, 122 Ky. 435, 92 S. W. 299; Adams Express Company v. Commonwealth, 163 Ky. 275, 173 S. W. 764; Whitaker v. Commonwealth, 188 Ky. 95, 221 S. W. 215.

Although it is stated on the brief that appellant objected to the action of the court in instructing the jury the record fails to show that such was a fact. A court is without right to direct a jury to find a defendant guilty where his plea is not guilty.

By section 7 of the Bill of Rights of our Constitution it is provided that the ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modification as may be authorized by the Constitution.

A similar provision, found in the Federal Constitution, guarantees to accused the right to a speedy and public trial by an impartial jury.

It is difficult to understand upon what principle it can be maintained that one accused of crime has had a trial by an impartial jury within the meaning of the Constitution where the court has instructed the jury peremptorily to find him guilty. There cannot well be a trial of the cause by a jury unless that body deliberates upon and determines it. Accused is entitled to every reasonable doubt in favor of the presumption of his innocence, and since the jury is the sole judge of the credibility of the witnesses it is never proper for the court to direct a verdict of guilty where there is a plea of not guilty, notwithstanding the fact that the evidence of his guilt may be convincing and wholly uncontradicted. Under the constitutional guarantee that a person charged with the commission of a crime is entitled to a trial by jury the accused person has, in every case where he has pleaded not guilty, the absolute right to have the question of his innocence or guilt submitted to a jury, no matter what the state of the evidence may be. It is for the jury to find the ultimate fact of guilt upon the evidence, under instructions of the court as to the law.

It is for the court to say what evidence is competent and to decide whether it is admissible, but after its admission it is for the jury to say what weight should be attached to it. The attempt on the part of the court to return a verdict for the jury, which in effect is what was done by the trial court in the present instance, is nothing more than trespassing upon the province of the jury, a right not vested in the court under facts such as are presented by this record.

A plea of not guilty on the part of the defendant cannot be understood as other than denying the truth of the indictment, or the denial of the truth of what the witnesses for the Commonwealth have sworn to.

In United States v. Taylor, 11 Fed. 470, it is said:

"It is now well settled in the federal courts that in civil cases, where the facts are undisputed and the case turns upon the questions of law, the court may direct a verdict in accordance with its opinion of the law; but the authorities which settle this rule have no application to criminal cases. In a civil case the court may set aside the verdict, whether it be for the plaintiff or defendant, upon the ground that it is contrary to the law as given by the court; but in a criminal case, if the verdict is one of acquittal, the court has no power to set it aside. It would be a useless form for a court to submit a civil case involving only questions of law to the consideration of a jury, where the verdict, when found, if not in accordance with the court's view of the law, would be set aside. The same result is accomplished by an instruction given in advance to find a verdict in accordance with the court's opinion of the law. But not so in criminal cases. A verdict of acquittal cannot be set aside, and therefore if the court can direct a verdict of guilty, it can do indirectly that which it has no power to do directly."

Likewise in People v. Warren, 122 Mich. 504, 81 N. W. 360, the court said:

"When, in addition to that right (the right of a trial judge to direct a jury in relation to the trial of the case) it was held that, in cases where the facts were admitted, the trial court might direct the jury to return a verdict of guilty, the border line separating the functions of the trial judge from the province of the jury was reached. If another step is to be taken, and, in addition to the right to direct the verdict, it is held the judge may, when

the jury is unwilling to follow the direction of the court, compel a verdict, then the border line is passed, the judge has entered upon the province of the jury, the constitutional guaranty of a right of trial by jury in criminal cases is overthrown, and the judge has drawn to himself power which has not been exercised by any trial judge since the days of *Magna Charta.*''

This very question was decided by this court in Lucas v. Commonwealth, 118 Ky. 818, 82 S. W. 440, where it is said that the provision of the Code declaring that all issues of fact where the punishment exceeds a fine of $16.00 shall be tried by a jury (and that an issue of facts arises upon a plea of not guilty, Civil Code, sec. 180, 182), was designed to preserve inviolate the right of trial by jury as guaranteed by the Bill of Rights. We take the following excerpt from said opinion:

''In view of these salutary provisions of the Constitution and Criminal Code of Practice, we are unable to conceive of a case in which the trial court would be authorized to instruct the jury to find the accused guilty, except upon his confession of guilt by formal pleas to that effect, made in open court, in the presence of the jury selected and sworn to try him. In this case, though a demurrer has been properly sustained to the appellant's plea in bar, his additional plea of not guilty was still before the court and jury, and, as we have already seen, it raised an issue of fact to be tried and determined by the jury; and though the appellant introduced no proof, and that of the Commonwealth clearly established the guilt, the jury alone were authorized to declare him guilty, and they should have been allowed to perform their duty under proper instructions, and without coercion from the court. They were the sole judges of the credibility of the witnesses, and of the weight to be given their testimony.''

To the same effect see 6 Enc. Pl. & Pr. 689; 16 C. J. 937; Gregory's Criminal Law, sec. 994, and note to Konda v. United States, 166 Fed. 91, found in 22 L. R. A. (N. S.) 305, and in which the annotator has collated a vast number of authorities.

The present indictment was brought about by the act of appellant in felling a walnut tree that stood at the corner of the lot of the Methodist parsonage in Greensburg, where it borders on a public alley. There were five witnesses on each side. Those who testified for the

Commonwealth were of the opinion the tree belonged to the parsonage lot; among the witnesses was a surveyor whose testimony is thus recorded in the bill of exceptions:

"They employed me to come and run the line. We started at the Vaughn corner and run to Water street and then we surveyed up Water street 957 feet. This lacked four feet of getting to the springhouse."

This statement though unintelligible to us was doubtless understood by those at the trial and who were familiar with the location of the springhouse. However, one witness locates the spring at the walnut tree, and another says the survey "left the tree on the parsonage property."

According to appellant's proof the tree was in the alley and the town authorities had ordered its removal, and one of the town trustees assisted appellant in cutting down the tree. There was a sharp conflict in the evidence, making it peculiarly one triable by a jury. If the tree was in the alley the trustees had the right to order its removal. This was pointed out in Town of LaGrange v. Overstreet, 141 Ky. 43, 132 S. W. 169, 31 L. R. A. (N. S.) 951, where the court sustained as valid an ordinance providing for the reconstruction of the sidewalk in front of Overstreet's property thereby necessitating the removal of a locust tree owned by him that was standing in the sidewalk. Although the real purpose of the ordinance was to secure the removal of the tree, the court held that unless the action of the board was unreasonable or arbitrary its action was authorized by the statute. Both LaGrange and Greensburg are cities of the sixth class.

Whether the trustees had ordered the removal of the tree and whether the tree stood in the alley or on the parsonage lot are matters that can and should be shown without much difficulty and in such a manner as to remove any doubt as to the facts.

For the reasons stated the judgment is reversed for further proceedings consistent herewith.