# Coombs' Adm'r v. Vibbert.

Nov. 18, 1941.

Richard L. Garnett for appellant.

J. Wood Vance for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

T. Y. Coombs died intestate a resident and citizen of Barren County, Kentucky, in August, 1939, at the age of 78 years. He was single and lived alone on his farm on which there were two houses—one in which he lived and occupied as his home, and a tenant house in which Willie Vibbert lived as a tenant of the decedent. The appellant, Henry Spann, was appointed and qualified as administrator of the estate of the decedent, and soon thereafter Veachel Vibbert, a son of Willie Vibbert, filed with the administrator his claim in the sum of $1,400 for services rendered the decedent in the latter years of his life. The administrator refused to pay the claim, whereupon appellee, plaintiff below, who was an infant under the age of 21 years, suing by his father Willie Vibbert as

next friend, brought this action in the Barren Circuit Court seeking to recover of the administrator of the estate of decedent the sum mentioned above. It is alleged in the petition that during the last five or six years of decedent's life he was very feeble and helpless in body and mind, and because of his infirmities it was necessary to have someone to stay with him, and that the plaintiff waited on decedent, nursed and looked after him for a period beginning May 5, 1935, until August 24, 1939. Further allegations are made with respect to the services rendered to decedent by plaintiff and alleging that $1,400 was a reasonable value for such services. The answer consisted of a traverse only, thus completing the issues which were tried by a jury and resulted in a verdict and judgment thereon in favor of plaintiff in the sum of $1,100, and to reverse that judgment the defendant has prosecuted this appeal.

In brief of defendant two grounds of error are insisted on for reversal; (1) that the court erred in denying the heirs or distributees of decedent's estate the right to testify against plaintiff's claim, and (2) improper argument of appellee's counsel in his closing argument to the jury. We will consider these grounds in the order named.

Willie Vibbert, father of plaintiff, was introduced as plaintiff's first witness and testified in detail as to the services rendered to the decedent by the plaintiff. The plaintiff was then called to the witness stand and defendant objected to him testifying on the ground that he had introduced other evidence in chief and the court sustained the objection and he, plaintiff, was not permitted to testify. He then introduced a large number of witnesses who testified in his behalf.

After the plaintiff had closed his evidence, defendant called as his first witness Gilbert Peck, who was a nephew of the decedent. Plaintiff objected to Peck testifying because he was a distributee of the estate of decedent and the court sustained the objection, whereupon the following avowal and stipulation was made:

"If permitted to testify he would state that he was in the home of T. Y. Coombs each year for several weeks at a time, and that during such times Veachel Vibbert would sleep in a separate room from T. Y. Coombs, and that he rendered no assist-

ance to T. Y. Coombs in any way and that he would be away from the home of T. Y. Coombs many nights and that other nights he wouldn't come in until midnight; that Veachel Vibbert slept in the hall way, and that T. Y. Coombs slept in the bed room adjoining the hall way, and that the doors between the room where Veachel Vibbert slept and the room where T. Y. Coombs slept was kept locked during the night time, and that Veachel Vibbert brought in no wood, made no fires, gave no medicine nor rendered any other assistance to T. Y. Coombs whatever, and that Veachel Vibbert was sleeping in the home of T. Y. Coombs only for the convenience of Veachel Vibbert, and because the Vibberts did not have convenient quarters in their own home for Veachel.

"Lura C. Kruse, Fred Kruse, Donna Maurer, Lola J. Sullivan, and Tom B. Peck were all introduced as witnesses for the defendant, and their testimony was objected to by counsel for plaintiff, which objection was sustained by the court, and the defendant objects and excepts, Whereupon, it was agreed between the parties that the following persons if permitted to testify would state in substance the same as the foregoing avowal, and it is further agreed that each of said witnesses are relatives of the deceased, T. Y. Coombs and would participate in his estate and the outcome of this law suit: Lura C. Kruse, Fred Kruse, Donna Maurer, Lola J. Sullivan, and Tom B. Peck."

Apparently the trial court refused to permit the distributees of decedent's estate to testify on the ground that they were disqualified as witnesses under the provisions of Subsection 2 of Section 606 of the Civil Code of Practice, which, among other things, prohibits a person from testifying for himself "concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by an infant under fourteen years of age, or by one who is of unsound mind or dead when the testimony is offered to be given * * *." Hence, the question before us is whether the offered evidence of the witnesses, as disclosed in the avowal, comes within the inhibition of the Code, supra.

It is to be noticed that the evidence offered by the witnesses does not relate to any verbal statement of, or any transaction with, or any act done or omitted to be

done by the decedent. It all relates to matters done or omitted to be done by the plaintiff. The argument of defendant (appellant) is that the witnesses in question are disqualified because they are distributees of decedent's estate, and to sustain his position the two cases of Combs v. Roark, Administrator, 206 Ky. 454, 267 S. W. 210, and Id., 221 Ky. 679, 299 S. W. 576, respectively, are cited and relied on. It is insisted that these cases hold that a distributee or heir cannot, under any circumstances, testify in favor of the estate of a deceased person.

The opinion in the first Roark case, supra, 206 Ky. 454, 267 S. W. 210, 212, is an extensive review of a long line of decisions on the subject matter here involved. It appears that some of those opinions are in conflict with others. After reviewing the various opinions and authorities on the subject matter, the court said:

"In view of the conflict in the decisions and of the resultant confusion, it is deemed proper to construe the code provisions, supra, in a way to simplify their meaning."

The writer of that opinion then reviewed the common-law rule and certain provisions of the General Statutes and then pointed out that Section 605 of the present Civil Code of Practice makes every person competent to testify in his own behalf subject to modifications and exceptions in Section 606 of the Code. The court said:

"Subsection (2) of Section 606 is a general declaration of disqualification, referring alike in its application to every person and to all decedents. It disqualifies every person from testifying for himself as to any verbal statement of or transaction with or act done by or omitted to be done by one who is dead, except as provided therein, and in Subsection (c) and (d), supra.    *    *    *

"After the legislature has disqualified every one of a class, subject to certain named exceptions as suggested above, we are not authorized to extend the list of exceptions or to include therein any one not named in the act. To do this would be to exercise legislative authority."

Then follows this paragraph, which apparently confused counsel for defendant and perhaps confused the chancellor:

"We thus conclude that while under the former statute an heir, devisee or legatee or other interested person could testify on behalf of the estate, that he is not accorded such privilege under the code provisions, supra."

The above paragraph standing alone would apparently support defendant's contention and justify the court below in excluding the offered testimony in question. But, after making reference to certain exceptions (not pertinent to the issues involved in that case nor in the present case), the court further said:

"This, of course, does not affect the testimony of interested parties concerning matters other than conversations, acts, omissions and transactions upon the part of the deceased. So far as the cases above cited conflict with these views they are not to be regarded as authority."

Once the last quoted paragraph is read in connection with the one preceding it, it is clear that that opinion holds that parties interested in the estate of a deceased person are not prohibited from testifying to matters except those specifically set out in Section 606, Subsection 2 of the Code, supra.

It is further pointed out in the opinion, supra, that several of the witnesses testified to physical facts not connected with any transactions upon the part of decedent, such as seeing the certificates of deposit and having possession thereof shortly before decedent's death. It was held that such evidence was competent, when disassociated from any transaction with decedent, but such of it as includes any act or transaction of the deceased, is incompetent.

On the second appeal of the case, supra (221 Ky. 679, 299 S. W. 576), Mrs. Roark, who was suing for certain stock certificates which she claimed that her deceased mother, Polly Ann Roark, had given to her, called as her witness J. C. White who testified that he was present at the office of the Columbus Mining Company in Christopher in April, 1921, when Mrs. Combs wrote the name of Polly Ann Roark on the certificates, and that he saw Polly Ann Roark sign them by making her mark, and further said that Polly Ann Roark asked him to witness her mark and said she wanted to sign them over to Mrs. Combs and wanted him to come in and witness it

and he went in and witnessed her mark. Another witness testified that he saw Mrs. Roark and Mrs. Combs and J. C. White at the Columbus Mining Company and saw them signing some papers. Practically the same evidence was given by two other witnesses. Mrs. Combs then offered herself as a witness and testified that she received the certificates at the Columbus Mining Company plant on April 29, 1921. The adverse party objected and moved to exclude Mrs. Combs' evidence upon the ground that when her evidence is taken in connection with the evidence of other witnesses who testified to the facts which occurred at the same time and place as that of Mrs. Roark, her evidence, in the meaning of the Code, supra, was concerning a transaction with Mrs. Roark who was then dead. The court overruled the motion to exclude Mrs. Combs' evidence but decided the case against her upon another ground. However, on appeal to this court, while the judgment was affirmed on the ground upon which the court below decided it, it was held that the court should have excluded Mrs. Roark's evidence, apparently on the ground that since her evidence lead directly up to and connected with the evidence of her witnesses who testified to specific acts of Mrs. Roark's deceased mother, it was so interrelated or associated with evidence concerning the acts of a deceased person as to become a part thereof; or, as was said in the first opinion, supra, her evidence was not disassociated from the act of her deceased mother. We find nothing in the last Roark opinion, supra, that tends to militate against the first opinion.

The disqualification of witnesses under the provisions of the Code, supra, is limited to matters set out therein, and therefore the court is without authority to extend the rule further than that specifically authorized by the Code.

We conclude, therefore, that the distributees of the estate of the decedent, T. Y. Coombs, were competent to testify in this action the same as disinterested persons, except as to matters pertaining to the acts, etc., of a deceased person as contained in the inhibitory provisions of the Code, supra.

The next complaint is directed to the argument of counsel before the jury in reference to the wealth or financial standing of the heirs and distributees of the decedent. This was improper. The wealth or financial

standing of the parties has nothing to do with the merits of the issues of the case. Such arguments of counsel have often been condemned by this court. It is also insisted that counsel included in his argument matters not in issue, or not supported by any evidence, in substance, that the heirs of T. Y. Coombs did not answer his letters, visit him, or look after his welfare or otherwise administer to his needs. It is also the rule that in arguing a case before a jury, counsel should keep within the record and not argue matters not in issue or not supported by any evidence. Upon another trial of the case counsel should not make any reference to the wealth of the parties concerned, nor argue any matter not in issue or supported by the evidence.

For reasons stated the judgment is reversed and remanded, with directions to set it aside and grant appellant a new trial, and for proceedings not inconsistent with this opinion.