## Denney's Adm'r v. Albright.

June 20, 1944.

As Extended on Denial of Rehearing Nov. 28, 1944.

B. J. Bethurum for appellant.

Kennedy & Kennedy for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK —Affirming.

The appellee recovered a judgment against the appellant for $900 for services rendered by her and her infant son to Levi Denney for some 14 months before his death, and to his wife for about two months before her death. We are asked to reverse the judgment on the grounds that (1) the evidence does not support the verdict; (2) the court erred in excluding the evidence of M. G. Purcell; and (3) recovery was not authorized because the appellee was related to Mrs. Denney.

The case is a close one, but we are not prepared to say the evidence does not support the verdict. Mrs. Albright lived about a half mile from the Denney home. Two of her sons testified she waited on Mrs. Denney a short time before her death; and from that time until the time of Mr. Denney's death, they said she did his washing, prepared food for him, sometimes at her

home and sometimes at his, and that she also furnished him with some canned foods. Several neighbors testified that they had heard Mr. Denney say he intended for those who cared for him to be paid, and frequently they had seen Mrs. Albright working at the Denney home. Her infant son, Reno, did chores about the Denney place and spent the nights there. He admitted Mr. Denney gave him nickels and dimes on several occasions, but said he thought he ought to have more pay. On the other hand, there was testimony that Betty Todd cooked for Mr. Denney for a part of the time Mrs. Albright said she was caring for him. A brother of this witness testified she worked for Mr. Denney for quite a while. Two other witnesses testified they lived near Mr. Denney, and they had never seen Mrs. Albright working in his home, though they had seen her there on several occasions. It seems to us the question was one for the jury, and there was sufficient evidence to support its verdict in favor of the appellee.

M. G. Purcell's wife was a niece of Levi Denney and one of his heirs at law. Purcell was not permitted to testify on the ground he was a party in interest. In the recent case of Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S. W. 2d 31, 140 A. L. R. 1127, it was pointed out that the true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. His interest must be present, certain and vested, and not uncertain, remote or contingent. The opinion then takes up the question of whether a husband's present interest in his wife's estate, particularly her real property, is so contingent and remote as to be a mere expectancy and therefore not to bring him within the bar of section 606, subsection 2, of the Civil Code of Practice. The question is answered in the negative, and in that case we held a son-in-law was not a competent witness to testify concerning a transaction with his deceased father-in-law. The purpose of the testimony of the son-in-law was to defeat the claim of the wife's step-mother. Obviously, the object of the testimony of M. G. Purcell was to defeat the claim of the appellee. Under the ruling in the Truitt case Purcell's interest in his wife's estate is not a mere expectancy, but has already vested, or probably it would be more proper to say it has become fixed and

attached, and of which he can not be divested so long as the marital relation exists.

But, as held in Coombs' Adm'r v. Vibbert, 289 Ky. 463, 158 S. W. 2d 957, an interested party, including a distributee of an estate, may testify in his own behalf, except as to any verbal statement of, or transaction with, or any act done or omitted to be done by the deceased. A part of Purcell's testimony related to what he had seen Mr. Denney doing in the way of preparing his own food and keeping house; and further, that Mr. Denney told him, two or three weeks before he went to the hospital, that he had paid the Albrights all he owed them, and that he thought Mr. Denney said he paid the boy $1.50 a week. Clearly, this part of his testimony was incompetent. The remainder of his testimony was to the effect that he was frequently in the Denney home on Saturday and Sunday; that he had never seen Mrs. Albright there after Mrs. Denney's death, but had seen Betty Todd working in the Denney home; and that Mrs. Albright was a niece of Mrs. Denney. The home of this witness was some 300 or 400 yards from the Denney home, but he worked in Somerset, several miles away, through the week. The part of his testimony which was competent was merely cumulative in nature, because Betty Todd and her brother testified she worked for Mr. Denney, and two witnesses, who lived near the Denney home and who were in a position to know of Mrs. Albright's coming and going, said they had never seen her working for Mr. Denney, though they had seen her at his home on several occasions. In view of all the circumstances surrounding the testimony of Purcell, we have reached the conclusion that the exclusion of his testimony was not prejudically erroneous. He was shown to be an interested party, a substantial part of his testimony was incompetent, he was in the vicinity of the Denney home only over the week-ends, as a rule, and he testified to no fact or circumstance, concerning which, testimony had not already been given by persons in much better position to give a truer picture of the situation than was he.

Even if it be taken as true that Mrs. Albright was a niece of Mrs. Denney, we do not think the relationship would bar her recovery under the circumstances presented in this case. As we have indicated, she lived about a half mile from the Denney home, and there is

no evidence whatever showing that such services as she performed resulted from a moral obligation, natural affection, or mutuality of benefit. It appears Mr. Denney was financially able to care for himself. Little or no assistance was given him by his relatives. Mr. Denney lived about a year after the death of his wife, and it was during that period of time when most of the alleged services were performed. The appellee sought to recover $1200, but, as we have noted, the judgment was for only $900. Under the circumstances we do not believe a recovery should be denied in the absence of an express contract. Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. 2d 459.

Judgment affirmed.

Whole Court sitting.