## Cruce et al. v. Dunlap et al.

Nov. 27, 1945.

Charles Ferguson for appellants.

C. H. Wilson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

J. E. Cruce instituted this action to have a deed cancelled which he executed to his son, Frank, early in 1942. He died shortly after judgment was entered in his favor. The action was revived in the name of his executor and his daughters, who were the beneficiaries under a will written in April, 1945. Since the opinion of the chancellor furnishes a review of the evidence offered by both parties, and his reasons for setting aside the deed, we quote it in full:

"The plaintiff brought this action against the defendants for the purpose of having a deed executed by him to his son Frank Cruce cancelled for failure on the part of Frank Cruce to carry out his agreement in the sale of the land. The deed was made on February 2, 1942. The consideration named in the deed was $1.00 and other valuable consideration. A lien was retained on the land conveyed to secure the payment of the unpaid purchase price.

"The plaintiff alleged that he is 87 years of age and has no other property than the land in question. His wife has been dead many years. Part of the time he has lived with his sister and a part of the time he has batched and lived at home; that he is now in very feeble health his kidneys giving him a great deal of trouble; that he had previously made a will in which he had willed the land named in the deed to his son Frank Cruce and that Frank was to pay his sisters $200.00 each as their part of the land; that later on Frank wanted him to make a deed to the land and that he did so. The deed was written by the cashier of the bank who is not a lawyer. That the old man knew nothing about the legal phraseology of deeds is made clear in this case. He claims that Frank was to take care of him as long as he lives. Frank died sometime ago and so far as this record shows never did anything towards taking care of his father. Frank died intestate and left as his heirs his mother the defendant Nellie Cruce and one son the defendant Frank Cruce. After Frank Cruce died his son Raymond Cruce sent the plaintiff $6.00 without stating what it was for. The plaintiff says that he did not know what it was for and Raymond has not testified in the case to explain that matter.

"The answer is only a traverse of the allegations of the petition and the two amendments thereto.

"Parol testimony is competent to vary the consid-

eration of a deed without the allegations of fraud or mistake. See Potter v. Baynes, 186 Ky. 489, 217 S. W. 359.

"Let us keep in mind that the deed recites that the consideration was $1.00 and other valuable consideration with a lien retained to secure the unpaid consideration. The court can not disregard that part of the deed. The parties meant something by putting that in the deed. The question is what did they mean? It is clear that there was unpaid consideration secured by lien. The defendants have not introduced any testimony to show what that consideration was. On that question they are as silent as night. The only attempt the defendants have tried to show that they have contributed anything towards the plaintiff is the $6.00 sent by Raymond and the payment by Frank of a doctor bill for the plaintiff. The evidence is not clear whether this money was that of Frank or the plaintiff. If it was Frank's money it would go. to show that he felt under obligations to help the old man. If it was the old man's money, then the defendants have contributed nothing for the support of the plaintiff. The defendants don't claim to have paid anything else nor do they attempt to show any consideration for the deed.

"The plaintiff testified to conversations and transactions with his son who is dead. This evidence is incompetent under section 606 of the Code and the exceptions to it are sustained. Exceptions were also filed to the depositions of Lovin Dunlap, Judy Dunlap, Minerva Champion and her husband Ed Champion for the same reasons. In an action to cancel a deed and put the title back in the plaintiff, his children and their husbands and wives are not incompetent to testify for the plaintiff. They are not parties to the action and if the plaintiff wins he-may sell the land or do as he pleases with it. The children have no interest in it to prevent them from testifying.

"There are several witnesses who have testified that in conversations with Frank Cruce he stated that he was to take care of his father and bury him; that he was old and not able to work and never would be. Some of these conversations occurred after the deed from his father had been made. Also that Frank said he was to pay his sisters a certain sum of money. That evidence stands uncontradicted in this record. Of course Frank is dead

and it may be that the others do not know anything about those things. Several witnesses say that they went and talked with the defendant Nellie Cruce about the deed and that the plaintiff was present and that Mrs. Cruce offered to pay the girls their part but the old man said he wanted the land deeded back to him. Mrs. Cruce doesn't deny those statements. She said she had never seen the deed but she does not state that she did not know what the deed contained or that she did not know that it was agreed that Frank was to take care of his father as at least a part of the consideration for the deeds.

"The reading of the testimony of half dozen witnesses is rather convincing that the plaintiff did not intend and that it was not agreed that the deed was a mere gift from the plaintiff to Frank, and the retention of lien in the deed is rather more convincing. To say that the deed was a mere gift is to ignore the many statements of Frank to the contrary and when approached about it remained silent.

"But there is another thing that the court can not overlook and that is that that tract of land was everything that the old man had in this world. Sorely afflicted 87 years old. It is unbelievable that one in that condition would deed away everything he had and leave himself on the cold charity of the world. Men just don't do things that way. It is the duty of the courts to scrutinize transactions where old people deed away what they have and to seize upon slight circumstances if necessary to preserve to these old people something on which to live instead of being thrown out on the cold charity of the world.

"The plaintiff is entitled to the relief sought and judgment may be entered according to this opinion. Exceptions may be taken and appeal granted to the court of appeals."

The appellants contend that Mr. Cruce's remedy was to have the deed reformed, that his evidence was incompetent, as was that of his daughters and sons-in-law, and the competent evidence offered in behalf of Mr. Cruce would not warrant a reformation or cancellation of the deed. It was a cancellation of the deed for failure of consideration that Mr. Cruce was seeking, and not merely a reformation. As the chancellor's opinion shows, Mr. Cruce's testimony was incompetent. Counsel for

the appellants contend that the only evidence warranting a cancellation of the deed was that of Mr. Cruce, but we deem this contention without merit, since there was ample evidence given by disinterested parties to support the judgment.

Mr. Cruce's daughters and their husbands were competent witnesses. They had no interest in the property at the time of the trial, and it was not until some months after the judgment was entered that Mr. Cruce made a will naming his daughters as beneficiaries. The case of Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S. W. 2d 31, 140 A. L. R. 1127, which is relied upon by the appellants, is not in point. In that case the testimony of the son-in-law was excluded because his and his wife's interests in his father-in-law's estate attached at the death of the latter. We held in Coombs' Adm'r v. Vibbert, 289 Ky. 463, 158 S. W. 2d 957, that even an interested party, including a distributee of an estate, may testify in his own behalf except as to any verbal statement of, or transaction with, or any act done or omitted to be done, by the deceased. See also Denney's Adm'r v. Albright, 298 Ky. 696, 183 S. W. 2d 937. The evidence of disinterested parties, the provisions of the deed, and the circumstances surrounding its execution, which are ably discussed in the chancellor's opinion, convince us that the judgment is proper. Wherefore, it is affirmed.