## Wilbur's Ex'r v. Lemmon.

February 24, 1948.

William H. Field, Judge.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Elizabeth L. Wilbur filed her petition seeking judgment against her brother, J. Harry Lemmon, the appellee, for $4353.82 as the amount alleged to have been

wrongfully taken by him from her bank account and from her safety deposit box, all of which she said was done contrary to her will and without her knowledge and at a time when she was physically and mentally incapacitated. Following her death before trial, the suit was revived in the name of her executor, the appellant. At the conclusion of evidence on the trial, the court directed a verdict for Lemmon and thereupon entered judgment dismissing the petition. The executor appeals.

Appellant contends that the judgment is prejudicially erroneous because the trial court (1) refused to admit competent evidence offered by appellant and (2) refused to submit the case to the jury for its verdict.

Mrs. Wilbur suffered a severe cerebral hemorrhage at her home in Richmond, Virginia, on December 7, 1942. Upon notification, her brother, Mr. Lemmon, came from his home in Milltown, Indiana, and found her in serious condition in a Richmond hospital. On December 9, two checks in the total amount of $3548.82 were drawn on Richmond banks for a transfer of Mrs. Wilbur's personal funds into a joint account of herself and brother. These checks were in favor of Lemmon. One of them bore Mrs. Wilbur's mark, while the other bore her shaky signature. Thereafter, in the latter part of December, Lemmon removed $2300 in cash from Mrs. Wilbur's safety deposit box, of which sum Lemmon retained $805 wrongfully, according to Mrs. Wilbur's verified petition. This suit is for the recovery of these three items, i. e., proceeds of two checking accounts amounting to $3548.82 plus the remainder of safety deposit cash amounting to $805, a total of $4353.82.

On this trial, Mrs. Wilbur's side offered to prove, by her colored maid, Sarah Booker, who was in practically constant attendance at Mrs. Wilbur's bedside during all of December, that the latter was mentally incapacitated during all of that same period. But a showing having been made that Sarah Booker was the residual beneficiary of Mrs. Wilbur's estate under the terms of her will, the trial court ruled the offered evidence incompetent and excluded it.

Mrs. Wilbur's side also produced some other evidence, including a physician who attended her several times daily during all of December, clearly tending to

show that she was mentally incapacitated from performing any business transactions during all of that same period. Lemmon's side, on the other hand, produced evidence clearly tending to show the contrary.

1. The first question is whether or not it was proper for the trial court to exclude testimony of a beneficiary of this decedent's estate, which testimony did not pertain to any verbal statement of the decedent nor to any transaction with the decedent nor to any act or omission of the decedent, in such a legal action as this one prosecuted for the benefit of the estate.

The rule governing a situation of this kind is set out in Ky. Civil Code of Practice, Sec. 606, par. 2. This section of the Code confines the exclusions of testimony in a case of this character to (a) verbal statements, (b) transactions, (c) acts or omissions. The basic theory of such exclusion is that the deceased cannot return from the grave, like Lazarus did, in order to refute on the trial the supposed statement or purported transaction or alleged act. But we have held that a witness in such a case as this may testify as to matters not coming specifically within the exclusions mentioned. See Coomb's Adm'r v. Vibbert, 289 Ky. 463, 158 S. W. 2d 957; Denney's Adm'r v. Albright, 298 Ky. 696, 183 S. W. 2d 937; Cruce v. Dunlap, 301 Ky. 600, 192 S. W. 2d 475. We believe that the trial court committed prejudicial error in refusing to admit any and all evidence offered by Sarah Booker pertaining to *observable conditions*. These conditions were naturally observable by appellee and all others of similar opportunity. And these latter would have the privilege of succeeding Sarah Booker on the witness stand in order to refute her with whatever weight and value the jury might choose to place upon their refutations.

2. The second question is whether or not appellant produced sufficient probative evidence in support of the existing issues so as to enable the trial court to submit the case to the jury for its decision. The main issue was one of whether Mrs. Wilbur was overreached by her brother on the occasion in question. Whether she was overreached depended upon the question of her mental capacity and upon the question of any possible defalcations against her estate. As we have already in-

dicated, this trial produced contrasting pictures as to these pertinent issues, theories and questions of the case. Therefore, the case was, we believe, one peculiarly triable by the jury rather than by the court. See Bardin v. Com., 191 Ky. 651, 231 S. W. 208. In the face of the sharp conflict of evidence on this trial, appellant's case should have been submitted to the jury for its decision concerning the mentality and defalcation issues. The refusal of the court to permit such a submission constituted, according to our viewpoint, prejudicial error on this trial.

Wherefore, for the reasons indicated, the judgment is reversed for further proceedings consistent herewith.