**Edda Mae WITT et al., Appellants,**

**v.**

**Lillian NEAL et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 23, 1955.

J. M. Wolfinbarger, Irvine, for appellants.

John W. Walker, Irvine, for appellees.

MONTGOMERY, Judge.

The principal question in this case is whether a deed dated July 1, 1925, and acknowledged March 1, 1928, was delivered by Chilton Neal, now deceased, to his daughter, Edda Mae Witt. A secondary question is whether the testimony of Edda Mae Witt and her husband, Miller Witt, concerning the delivery of the deed was competent.

This is an action brought by the widow and other children of Chilton Neal, deceased, against Edda Mae Witt and Miller Witt for the cancellation of the deed. The lower court held there was no competent evidence of a delivery of the deed and adjudged that the deed be cancelled and set aside, from which judgment the appeal has been taken.

Chilton Neal died testate on March 5, 1953, leaving surviving appellees, Lillian Neal, his widow; Violet Neal Arvin, his daughter by his second marriage; and Chilton, Jr., Anna Kate, and Myra Ellen Neal, infant children by marriage to Lillian Neal. He had another daughter by his first marriage, Mattie Greene Neal.

The mother of Edda Mae Witt and Mattie Greene Neal, and the first wife of Chilton Neal, died on July 1, 1924. For a short time after her death, Edda Mae and her husband lived with her father and kept house for him. In consideration of these services and her care of her mother, Chilton Neal, on July 1, 1925, the anniversary of his wife's death, prepared two deeds in his handwriting, purporting to convey to Edda Mae Witt six tracts of land containing 207.1 acres and various named articles of personal property. Each deed was signed, and the deed in question was acknowledged on March 1, 1928.

The following recitations are contained therein: "I am to have full control of this property my life time and at my death this deed is good. Eddie May Neal Witt is to have full possession of all this deed calls for at my death."

In 1926, deceased married a second time. This marriage was dissolved by divorce, and deceased married the sister of his second wife, appellee Lillian Neal, mother of his three infant children.

On March 12, 1938, deceased wrote two wills in his handwriting, both of which were later probated and in one of which appears the following:

"* * * I made a deed to my two daters Eddie May Witt and Mattie G. Neal When I wase single in 1925 July 1. I nowe Will that these two deedes bee canselled Sit asid and helt fore not. ase I have more thane paid Eddie May Witt and Mattie G. Neal fore what they have done fore me and they are nowe unjust and unfare I have paid these two children Eddie May Witt and Mattie G. Neal Big fore all they have done fore me and I Will that those two deedes this day Bee and nowe is canseled set aside and called ade nothing and are worth nothing nowe * * *"

In these wills, deceased set forth in detail his reasons for his actions and made a full disposal of his estate.

Mattie Greene Neal, daughter by the first wife, died in 1941. This same year deceased, contemplating the sale of part of his land, went to the office of his attorney, H. M. Shumate, and asked his advice as to the effect of undelivered deeds. He was advised that it was necessary to make a delivery of a deed to effectuate the conveyance of title to land and that undelivered deeds were no good.

On March 28, 1941, after receiving this advice, deceased sold at auction part of his land, including part of the land described in the Edda Mae deed. Appellants were present and familiar with the land but made no objection to the sale.

The testimony of appellees was that the deeds in question were never delivered during the lifetime of deceased and that Edda Mae Witt removed the deeds from a trunk in an upstairs room where Chilton Neal kept his papers. This was done four days after burial of the deceased. Appellees were present at the time in the same room but were occupied with looking at other objects. Three of the witnesses were positive in their testimony that the deed in question was in a metal box in the trunk a few days before Edda Mae Witt came on the night of March 18, 1953. It was not in the box when it was taken to the office of an attorney the next day on the morning of March 19, 1953, but on the contrary, Edda Mae Witt had caused the deed made to her and the one made to Mattie Greene Neal to be recorded in the county clerk's office on that day.

Edda Mae Witt and her husband testified that the two deeds were delivered to her shortly after March 1, 1928, and the deeds were kept in a safe-deposit box in the Union Bank and Trust Company, in Irvine, Kentucky, for several years. Then, they were taken from the bank by Edda Mae and put into a trunk at her home at Witt Springs, where they were kept continuously until March 19, 1953, when they were taken to be recorded. The only other testimony offered in behalf of appellants was that of two witnesses, one being their son.

■ The secondary question as to the competency of the testimony of Edda Mae Witt and her husband will be considered

first. It must be conceded that the testimony of Edda Mae Witt concerning the delivery of the deed was about a transaction with, or an act done by, Chilton Neal, who was dead at the time she testified about such matters. Under KRS 421.-210(2), formerly Civil Code 606(2), the objections to this testimony were properly made and such testimony was incompetent.

The husband of Edda Mae Witt would have had an inchoate right as a possible surviving husband, which is a vested interest defeasible only by his prior death. Maryland Casualty Co. v. Lewis, 276 Ky. 263, 124 S.W.2d 48. Such an interest in the husband has been held to be a present, certain, and vested one and not so remote or contingent that he would not have a present interest in the outcome of the litigation concerning the deed to his wife. It is such an interest that he will either gain or lose by the direct legal operation and effect of the judgment. Such interest as was had by Edda Mae Witt and her husband disqualified them from testifying concerning any delivery of the deed in question by Chilton Neal. Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S.W.2d 31, 140 A.L.R. 1127; Denney's Adm'r v. Albright, 298 Ky. 696, 183 S.W.2d 937. For a recent discussion of this rule and for other cases cited, see Johnson's Adm'r v. Johnson, Ky., 244 S.W.2d 969.

No satisfactory explanation was made by appellants as to why Edda Mae Witt received the purported deed to Mattie Greene Neal in 1928, held it until after her death in 1941, and finally recorded it on March 19, 1953. Nor were the appellants able to explain their standing by without objection or complaint at the auction sale in 1941 of part of the lands purportedly conveyed to them.

With the testimony of appellants on the delivery of the deed incompetent, there remained the testimony of Dr. B. S. Broaddus and Farris Witt, son of appellants. The testimony of Dr. Broaddus was introduced to identify the questioned deed as being the one seen by him in the possession of appellants a day or two after Neal's burial.

Farris Witt testified that he was present on the occasion of Dr. Broaddus' visit and saw the deed in his mother's possession. This proof is not too convincing as to the identity of the deed, and at best, would tend to establish only that Edda Mae Witt had possession of the deed after her father's death without showing anything as to its delivery. The competent evidence introduced by the appellants shows only a possession of the questioned deed by Edda Mae Witt with a total failure of competent proof as to the facts and circumstances of any delivery of such deed.

Appellants contend that possession of the deed raises a strong presumption of such legal delivery as will pass title and places on the one contesting the title the burden of showing by clear, convincing evidence the failure of delivery, relying upon Jones v. Driver, 282 Ky. 82, 137 S.W.2d 729.

It must be the intention of the grantor in a deed to convey title and to part with the power over the conveyance when the possession of the instrument is passed in order to constitute a legal delivery. These essential elements in the delivery of a deed are to be determined as questions of fact from the court's consideration of all the evidence. Howard v. Arnett's Adm'r, 294 Ky. 167, 171 S.W.2d 228; Bates v. Hall, 305 Ky. 467, 204 S.W.2d 487.

The record in this case sustains the finding of the lower court that there was no delivery of the deed by Chilton Neal to Edda Mae Witt. This case is distinguished from the Jones case above, relied upon by appellants, in that the evidence for appellants was not clear or convincing as to the delivery, while there was ample proof on behalf of appellees to overcome any presumption in favor of appellants and to sustain the Chancellor's finding of no delivery. Elrod v. Schroader, 261 Ky. 491, 88 S.W.2d 12. We are not justified in disturbing this finding of the lower court. Lassiter Auto Sales v. Nance Brothers, Ky., 245 S.W.2d 938.

The judgment is affirmed.